STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

| | |
|---|---|
| TERENCE J. O'TOOLE | 1209-0 |
| MARK J. BENNETT | 2672-0 |
| JUDITH A. PAVEY | 2173-0 |
| SHARON V. LOVEJOY | 5083-0 |
| ANDREW J. LAUTENBACH | 8805-0 |

733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawaii 96813
Telephone: (808) 537-6100
totoole@starnlaw.com
jpavey@starnlaw.com
mbennett@starnlaw.com
slovejoy@starnlaw.com
alautenbach@starnlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SEAN KETTLEY and KELLY LEE, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br>  v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation,<br><br>          Defendant. | CIVIL NO.<br>_____<br><br>COMPLAINT; JURY DEMAND |

# COMPLAINT

Plaintiffs Sean Kettley and Kelly Lee (collectively "Plaintiffs"), individually and on behalf of all others similarly situated (the "Class"), allege the following:

## I.    FACTUAL ALLEGATIONS

1. The United States Environmental Protection Agency ("EPA") has rules and regulations designed to protect Hawaii citizens and other U.S. citizens from pollution including certain chemicals and agents from car emissions. Automobile manufacturers must abide by these US laws and must adhere to EPA rules and regulations for cars sold in the United States.

2. The Clean Air Act has strict emissions standards for vehicles, requiring vehicle manufacturers to certify to the EPA that the vehicles sold in the United States meet applicable federal emissions standards to control air pollution. Every vehicle sold in the United States must be covered by an EPA issued certificate of conformity. Defendant Volkswagen Group of America ("Volkswagen") sold diesel vehicles manufactured by its affiliates Volkswagen AG and Audi AG and marketed as clean and environmentally friendly, that purposefully evaded these laws.

3. The EPA has issued a Notice of Violation ("NOV") charging that software in Volkswagen and Audi diesel vehicles sold by Defendant Volkswagen—including in Hawaii—turns full emissions controls on only during

an emissions testing, but the emissions controls are not engaged at other times the vehicle is running.  This software was used to ensure that these Volkswagen cars met emissions standards when being tested, but during normal operation the vehicles emit nitrogen oxides (NOx) at up to 40 times the standard allowed under United States laws and regulations.

4. The software produced and used by Volkswagen is a "defeat device" as defined by the Clean Air Act.  Under federal law, cars equipped with defeat devices cannot be certified.

5. By manufacturing and selling cars with defeat devices that allowed for higher levels of emissions than were certified to the EPA, Volkswagen violated the Clean Air Act, defrauded its customers, and engaged in deceptive acts and practices.

6. According to the EPA NOV, Volkswagen installed its "defeat device" in at least the following diesel models of its vehicles (the "Affected Vehicles"):

- Model Year 2009-2015 VW Jetta;
- Model Year 2009-2015 VW Beetle;
- Model Year 2009-2015 VW Golf;
- Model Year 2014-2015 VW Passat; and
- Model Year 2009- 2015 Audi A3.

Discovery may reveal that additional vehicle models and model years are properly included as Affected Vehicles.

7. Volkswagen marketed and advertised the Affected Models as "CleanDiesel", which it claimed was clean, powerful, and EPA certified.

8. Volkswagen charged a substantial premium for the Affected Vehicles because they were "CleanDiesel." These premiums occurred for all of the vehicles in which Volkswagen installed its "defeat device" for emissions testing, and ranged from $2,860 for the base model VW Jetta to $6,855 for the top-of-the–line VW Passat.

9. Volkswagen has been ordered by the EPA to recall the Affected Vehicles and repair them so that they comply with EPA emissions requirements, but Volkswagen will not be able to make the Affected Vehicles comply with emissions standards without substantially degrading performance, including their horsepower and efficiency.

10. Even if Volkswagen is able to make the Affected Vehicles EPA compliant, the vehicles will no longer perform as they did when purchased and as advertised, resulting in a diminution in value of every Affected Vehicle among other things.

11. Volkswagen has recently admitted using a "defeat device" in the Affected Vehicles.

12. Volkswagen's actions were unfair, deceptive, and/or fraudulent, and its failure to disclose the true nature of the Affected Vehicles has resulted in damages to the owners of the Affected Vehicles.

13. Had Plaintiffs and Class members known of the existence of the "defeat device" at the time they purchased or leased their Affected Vehicles, they would not have purchased or leased those vehicles, or would have paid substantially less for the vehicles than they did.

14. If Volkswagen recalls the Affected Vehicles and degrades the CleanDiesel engine performance in order to make the Affected Vehicles compliant with EPA standards, Plaintiffs and Class members will be required to spend additional sums on fuel and will not obtain the performance characteristics of their vehicles when purchased.

15. As a result of Volkswagen's actions described herein, the Affected Vehicles will be worth less than they otherwise would have been in the marketplace because of their decrease in performance and efficiency and the tarnished brand image.

16. Plaintiffs brings this action individually and on behalf of all other current and former owners or lessees of Affected Vehicles.

## II. JURISDICTION

17. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C.§ 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## III. VENUE

18. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.  Plaintiffs reside in this District and purchased their Affected Vehicles in this District.  Moreover, Volkswagen has marketed, advertised, sold, and leased the Affected Vehicles within this District.

## IV. PARTIES

19. Plaintiff Sean Kettley is an individual residing in the State of Hawaiʻi, who purchased a 2012 VW Golf CleanDiesel from an authorized Volkswagen dealer in Honolulu, Hawaiʻi, and still owns this vehicle.

20. Plaintiff Kelly Lee is an individual residing in the State of Hawaiʻi, who purchased a 2012 VW Golf CleanDiesel from an authorized Volkswagen dealer in Honolulu, Hawaiʻi, and still owns this vehicle.

21. Unknown to Plaintiffs, at the time they purchased their vehicles, they were equipped with the above-described emissions control "defeat device" which caused the vehicle to pass EPA emissions tests certification, but at all other times emit up to 40 times the allowed level of pollutants, including NOx.

22. Volkswagen knew about and purposefully used the "defeat device," but did not disclose the "defeat device" and its effects to Plaintiffs, so Plaintiffs each purchased their respective vehicles on the reasonable belief that his vehicle complied with EPA emissions standards, was properly EPA certified, and would retain all of its operating characteristics throughout its useful life.

23. Defendant Volkswagen Group of America, Inc., is a corporation doing business in the State of Hawai'i and is organized under the laws of the State of New Jersey, with its principal place of business located at 2200 Ferdinand Porsche Dr., Herndon, Virginia 20171.  At all times relevant to this action, Volkswagen manufactured, distributed, sold, leased, and warranted the Affected Vehicles under the Volkswagen and Audi brand names in Hawaii.  Volkswagen and/or its agents designed, manufactured, and installed the CleanDiesel engine systems in the Affected Vehicles, which included the "defeat device."  Volkswagen also developed and disseminated the owner's manuals and warranty booklets, advertisements, and other promotional materials relating to the Affected Vehicles.

24. Volkswagen concealed its use of the defeat devices in the Affected Vehicles, which concealment could not have been discovered by Plaintiffs or the Class members, who only learned of Volkswagen's deception when it was made public in September 2015. Plaintiff and the Class members did not discover, and did not know of facts that would have caused a reasonable person to suspect, that Volkswagen did not report information within its knowledge to federal and state authorities, its dealerships, or consumers, and a reasonable and diligent investigation would not have disclosed that Volkswagen's scheme.

25. Volkswagen was under a continuous duty to disclose to Plaintiffs and the other Class members the true character, quality, and nature of emissions from the vehicles at issue, and of those vehicles' emissions systems, and of the compliance of those systems with applicable federal and state law.

26. Volkswagen knowingly, affirmatively, and actively concealed the true nature, quality, and character of the emissions systems, and the emissions, of the vehicles at issue.

### V.   CLASS ALLEGATIONS

27. Plaintiffs brings this action on behalf of themselves and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All consumers in the state of Hawaiʻi who are owners and/or lessees of an "Affected Vehicle." Affected Vehicles include, without

7

limitation the following diesel vehicles: Model Year 2009-2015 VW Jetta; Model Year 2009-2015 VW Beetle; Model Year 2009-2015 VW Golf; Model Year 2014- 2015 VW Passat; and Model Year 2009-2015 Audi A3.

28.  Excluded from the Class are individuals who have personal injury claims resulting from the "defeat device" in the CleanDiesel system; employees, affiliates and subsidiaries of Volkswagen; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his/her immediate family. Plaintiffs reserve the right to revise the Class definition based on information learned through discovery.

29.  Class certification of Plaintiffs' claims is appropriate because Plaintiffs can prove the elements of their claims on a Class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

30.  This action has been brought and may be properly maintained on behalf of each of the Class proposed herein under Federal Rule of Civil Procedure 23.

- Numerosity: The members of the Class are so numerous that individual joinder of all Class members is impracticable. Plaintiffs are informed and believe that there are not less than 100 members of the Class, but the precise number of Class members is unknown to Plaintiffs, but may be ascertained from Volkswagen's books and records. Class members may be notified of

the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

- <u>Commonality and Predominance</u>: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

  a) Whether Volkswagen engaged in the conduct alleged herein;

  b) Whether Volkswagen designed, advertised, marketed, distributed, leased, sold, or otherwise placed Affected Vehicles Hawaii;

  c) Whether the CleanDiesel engine system in the Affected Vehicles contains fails to comply with EPA requirements;

  d) Whether the CleanDiesel engine systems in the Affected Vehicles can be made to comply with EPA standards without substantially degrading the performance and/or efficiency of the Affected Vehicles;

  e) Whether Volkswagen knew about the "defeat device" and, if so, how long Volkswagen has known;

  (f) Whether Volkswagen designed, manufactured, marketed, and distributed Affected Vehicles with a "defeat device";

  g) Whether Volkswagen's conduct violates Hawaii's Uniform Deceptive Acts and Practices statute and other Hawaii law as asserted herein;

9

    h)    Whether Plaintiffs and the other Class members overpaid for their Affected Vehicles;

    i)    Whether Plaintiffs and the other Class members are entitled to restitution or injunctive relief; and

    j)    Whether Plaintiff and the other Class members are entitled to damages and other monetary relief.

- <u>Typicality</u>:  Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Volkswagen's wrongful conduct as described above.

- <u>Adequacy</u>:  Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other members of the Class they seek to represent.  Plaintiffs have also retained counsel competent and experienced in class action litigation, and Plaintiffs intend to prosecute this action vigorously.  The Class members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

- <u>Declaratory and Injunctive Relief</u>:  Volkswagen has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and/or declaratory relief, with respect to the Class as a whole.

- <u>Superiority</u>:  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Volkswagen, so it would be impracticable for the members of the Class to individually seek redress for Volkswagen's wrongful conduct.  Even if Class members could afford individual litigation, individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.   VIOLATIONS ALLEGED

### COUNT I
### FRAUDULENT CONCEALMENT

31.    Plaintiffs realleges and incorporates by reference all paragraphs as though fully set forth herein.

32.    Volkswagen intentionally concealed material facts concerning the quality of the Affected Vehicles.  As described above, Volkswagen engaged in a

11

secret scheme to evade vehicle emissions standards by installing software designed to conceal its vehicles' emissions of the pollutants including NOx, and which contributes to ozone and smog pollution. Volkswagen did not tell purchasers of the Affected Vehicles of its scheme.

33. Volkswagen advertised and sold the cars as clean, powerful, and environmentally friendly, when the vehicles were neither clean nor environmentally friendly.

34. Plaintiffs and Class members reasonably relied on Volkswagen's false representations and omissions, and had no way of knowing that Volkswagen's representations were false and misleading.

35. Volkswagen's false representations omissions were material to consumers, because they concerned the quality of the Affected Vehicles, including compliance with laws and regulations regarding clean air and emissions, and also because the representations played a significant role in the value of the vehicles.

36. Plaintiffs and Class members valued that the vehicles they were purchasing or leasing were clean diesel cars.

37. Volkswagen had a duty to disclose the emissions scheme, because the scheme and its details were known and/or accessible only to Volkswagen, Volkswagen had exclusive knowledge as to implementation and maintenance of its

scheme, and Volkswagen knew the facts were not known to or reasonably discoverable by Plaintiffs or Class members.

38. Volkswagen had a duty to disclose the emissions scheme because it made general affirmative representations about the qualities of its vehicles with respect to emissions standards, referencing them as clean diesel cars, or cars with clean diesel engines, which were misleading, deceptive, and incomplete without the disclosure of the additional facts set forth above regarding the emissions scheme, the actual emissions of its vehicles, and its actual practices with respect to the vehicles at issue. Having volunteered to provide information to Plaintiffs, Volkswagen had the duty to disclose not just the partial truth, but the entire truth.

39. Volkswagen represented to Plaintiffs and Class members that they were purchasing *clean* diesel vehicles that met emissions standards, which was not true.

40. These omitted and concealed facts were material because they directly impact the value of the Affected Vehicles purchased or leased by Plaintiffs and Class members, and the true facts are material concerns to a reasonable consumer, including with respect to the emissions certifications testing their vehicles must pass.

41. Volkswagen concealed and/or suppressed these material facts, in whole or in part, to protect its profits and to avoid the perception that its vehicles

did not comply with laws governing clean air and emissions, and it did so at the expense of Plaintiffs and Class members.

42. Plaintiffs and Class members had no knowledge of the omitted material facts, and would have acted differently if they had known of the concealed and/or suppressed facts, in that they would not have purchased purportedly "clean" diesel cars manufactured by Volkswagen, and/or would not have continued to drive their vehicles, or would have taken other affirmative steps in light of the information concealed from them, and Plaintiffs and Class members who purchased or leased new or certified previously owned vehicles would have paid less for their vehicles or would not have purchased or leased them.

43. Plaintiffs and Class Members' actions were justified.

44. Volkswagen was in exclusive control of the material facts, and such facts were not known to the public, Plaintiff, or Class members.

45. Because of the concealment and/or suppression of the facts, Plaintiffs and Class members have sustained damage because they own vehicles that are diminished in value, and were deceived because the vehicles that they received are not what they were represented to be.

46. The value of Plaintiffs' and Class Members' vehicles has diminished as a result of Volkswagen's fraudulent concealment of its emissions scheme which has made any reasonable consumer reluctant to purchase any of the Affected

Vehicles, or pay what otherwise would have been fair market value for the vehicles.

47. Accordingly, Volkswagen is liable to Plaintiffs and Class members for rescission and/or damages in an amount to be proven at trial.

48. Volkswagen's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and Class members' rights and the representations that Volkswagen made to them, in order to enrich Volkswagen. To the extent permitted under applicable law Volkswagen's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## COUNT II
## VIOLATIONS OF THE HAWAI'I UNIFORM DECEPTIVE TRADE PRACTICE ACT

49. Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

50. This claim is brought on behalf of the Class pursuant to HRS Chapter 480.

51. Plaintiffs and the Class are consumers as defined by HRS §480-1.

52. HRS §480-2(a) declares unlawful "unfair methods of competition and unfair or deceptive acts and practices in the conduct of any trade or commerce."

53. Volkswagen's acts and practices described above violate HRS §480-2(a) by, among other things, representing that Affected Vehicles have characteristics, uses, benefits, and qualities that they do not have; representing that Affected Vehicles are of a particular standard and quality when they are not; advertising, and otherwise engaging in conduct likely to deceive.

54. A reasonable consumer would have considered the facts concealed and omitted by Volkswagen as alleged herein to be important in deciding whether to purchase or lease the Affected Vehicles or pay a lower price.

55. Volkswagen's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs.

56. Plaintiffs and Class members were damaged by Volkswagen's conduct.

57. As redress for Volkswagen's actions and in violation of HRS §480-2(a), Plaintiffs and Class members are entitled to rescission, treble damages, and reasonable attorneys' fees and costs pursuant to HRS §§ 480-12 and 480-13.

## PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of members of the Class, request that the Court enter judgment against Volkswagen, as follows:

A. Enjoining Volkswagen from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

B. For rescission, restitution, damages, treble damages, punitive damages, and disgorgement in an amount according to proof;

C. For pre-judgment interest at the maximum rate permitted by law;

D. For costs and attorneys' fees; and

E. For such other or further relief as this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all claims so triable.

DATED: Honolulu, Hawaii, September 28, 2015

/s/Andrew J. Lautenbach
TERENCE J. O'TOOLE
MARK J. BENNETT
JUDITH A. PAVEY
SHARON V. LOVEJOY
ANDREW J. LAUTENBACH

Attorneys for Plaintiffs
SEAN KETTLEY and KELLY LEE